UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

DEC 18 2003

JUDGE AMY ST. EVE
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | No. 03 CR 1140 |
| v. ) | |
| ) | Judge Amy St. Eve |
| GREGORY HUGHES ) | |

DOCKETED

DEC 2 2 2003

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, GREGORY HUGHES, and his attorney, GERALD J. COLLINS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 03 CR 1140.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, GREGORY HUGHES, and his attorney, GERALD J. COLLINS, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the information in this case with one count of mail fraud in violation of Title 18, United States Code, Section 1341.

2.      Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

3.      Defendant fully understands the nature and elements of the crime with which he has been charged.

4.      Defendant will enter a voluntary plea of guilty to the information in this case.

5.      Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

From in or about October 4, 2000, through in or about June 22, 2001, at Robbins, Illinois, in the Northern District of Illinois, and elsewhere, the defendant intended to devise, and participated in a scheme and artifice to defraud and to obtain money and property from American Family Insurance, by means of materially false and fraudulent pretenses, representations, and promises well-knowing at the time that the pretenses, representations, and promises were false when made.

Specifically, on or about December 13, 2000, the defendant applied for and received business insurance through American Family Insurance for a business at which he worked as a manager known as the Chicken Shack. This insurance covered, among other things, property loss suffered as a result of fire. In his application, the defendant falsely stated that he was the 100% owner of the Chicken Shack. In fact, defendant had no ownership interest in The Chicken Shack. On March 5, 2001, a fire occurred at the Chicken Shack, causing extensive damage.

Days prior to the fire, the defendant had a conversation with a close associate (herein "Individual A"), in which the defendant said that he would be better off if the Chicken Shack did not exist at all. The defendant intended to communicate with Individual A that the defendant wanted Individual A to take some action to destroy The Chicken Shack, such as burning it down. The defendant believed that Individual A understood his request and ultimately set fire to the Chicken Shack.

On June 22, 2001, the defendant submitted a claim of loss to American Family claiming that he had loss various assets, and sought compensation from American Family Insurance, knowing that he was not entitled to the reimbursement. This claim was false in that the claim falsely represented that the defendant was entitled to reimbursement for the loss, and that the claim falsely represented the amount and dollar value of the loss caused by the fire.

On or about June 22, 2001, at Harvey, Illinois, in the Northern District of Illinois, Eastern Division, the defendant, for the purpose of executing and attempting to execute this scheme to defraud, knowingly caused to be delivered by priority mail, according to the direction thereon, an envelope addressed to American Family Insurance, P.O. Box 9244, Oak Brook, IL 60522-9244, a sworn statement in proof of loss in which the defendant falsely claimed that he was entitled to reimbursement for losses totaling $17,579.93 caused by a fire on March 5, 2001

6.    For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a)    The base offense level for this offense is 6. U.S.S.G. § 2B1.1(a).

(b)    The offense level is increased by 4 levels because the intended loss amount was greater than $10,000 but less than $30,000. U.S.S.G. § 2B1.1(b)(1)(C).

(c)    The offense level is increased to level 14 because the offense involved a conscious or reckless risk of death or serious bodily injury as an arson was committed to facilitate the fraud. U.S.S.G. § 2B1.1(b)(11).

(d)    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to

-4-

accept responsibility for his actions, within the meaning of Guideline 3El.1, a two-level reduction in the offense level is appropriate.

(e)     On or about July 22, 1996, defendant was convicted of delivery of cocaine in the Circuit Court of Cook County, and sentenced to 2 years probation. Defendant receives one criminal history point for this conviction.

(f)     Based on information currently available to the government, the government believes that on or about March 10, 1995, defendant was convicted of delivery of a controlled substance in the Circuit Court of Cook County, and sentenced to 5 years incarceration, and therefore the defendant should receive three criminal history points for this conviction. The defendant disagrees with this criminal history assessment.

(g)     Based on the facts known to the government and set forth in subparagraphs (e) through (f) above, the government believes that defendant's criminal history points equal 4 and the defendant's criminal history category is III. As set forth above, the defendant does not agree with this assessment; and

(h)     The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing

Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7.     Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8.     Defendant understands the count to which he will plead guilty carries the following penalties: The maximum penalty is five years imprisonment and a maximum fine of $250,000. Defendant understands that this count also carries a term of supervised release of not more than three years.

9.     The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

-6-

(a)     If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine

-7-

them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(f)     Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

11.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

12.     Defendant understands that the information and this Plea Agreement are matters of public record and may be disclosed to any party.

13. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14. At the time of sentencing, the government shall be free to recommend that the Court impose a sentence at any point within the applicable guideline range.

15. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. The defendant further acknowledges that if the court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

16. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations

on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

17.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

18.     Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

19.     Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

20.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney.  Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____12-18-03_____

PATRICK J. FITZGERALD
United States Attorney

M. DAVID WEISMAN
Assistant United States Attorney

GREGORY HUGHES
Defendant

GERALD COLLINS
Attorney for Defendant

-10-